Dear Sheriff Litchfield:
You requested an Attorney General's opinion regarding the personal use of public cell phones by public employees. You indicate that in Attorney General Opinion No. 95-174 our office opined that, to avoid a constitutionally prohibited donation of public finds, public employees must reimburse their employers for their personal use of public cell phones. You also point out that over the ensuing decade, block-minute billing plans have become ubiquitous. Under these plans, personal calls incur no individual charges. Thus, you feel that cell phone usage is now more analogous to land-line phone use and to analysis under the line of Attorney General Opinions approving no-cost personal use of a public vehicle.
Based on the foregoing, you question whether any reimbursement is required for personal calls under a block-minute billing plan. You advise that these calls do not incur any cost in excess of the monthly charges due irrespective of personal calls. For purposes of this opinion you ask us to assume that the monthly minute limit selected will be appropriate to official business needs. If the monthly limit is exceeded, thereby incurring additional charges, these would be first attributed to personal calls and reimbursement required. Also, if a monthly limit clearly in excess of business needs was selected for the purpose of allowing more than an incidental number of personal calls, the additional cost would be attributable to personal use.
To answer your question, we first note that that Opinion No. 95-174 involved an attempt by The Washington Parish School Board to provide discounted cellular phone service to all employees of the School Board. The School Board was to receive a governmental agency discount rate for cellular service, and the users would pay the monthly cell phone bills. Those facts are distinguishable from your situation. The cell phones provided by your office will be for official business needs, and will be provided to those employees who must be accessible twenty-four hours a day. Therefore, our office agrees that your question is more analogous to the personal use of public vehicles.
The issue presented by your request must be addressed in light of the provisions of La. Const. (1974) Art. VII, Sec. 14, and which contain the constitutional standard for the lawful use of public funds and property. La. Const. Art. VII, Sec. 14(A) generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private.
This office has long recognized the caution which must be exercised in the expenditure of public funds and use of public property. The expenditure or use must be for a public purpose and create a public benefit proportionate to its cost. Attorney General's Opinion No. 90-63.
The fact that a cell phone might be used occasionally for some personal use does not render its cost to the public disproportionate to the public benefit realized in having rapid deployment of emergency decision-making personnel to an incident or emergency. Attorney General Opinion No. 06-0124 and 90-370 (Occasional personal use of public vehicle furnished to Hospital Administrator on 24-hour call does not constitute a prohibited donation of public property).
Accordingly, it is the opinion of this office that employees of the East Baton Rouge Sheriffs Department who are provided Department issued cell phones are not required to reimburse the Department for personal calls under a block-minute billing plan. Under the situation you have described and the assumptions given, and provided there is no additional cost incurred by the Department, the occasional personal use of Department issued cell phones does not violate Art. VII, Section 14 of the Louisiana Constitution.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/crt